IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Zoila Argentina Escalante a/k/a<br>Maria Herminia Escalante Portillo,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | 3:11cv280 (CMH) |
| United States of America, et al.,<br>    Defendants. | )<br>)<br>) | |

MEMORANDUM OPINION AND ORDER

Zoila Argentina Escalante a/k/a Maria Herminia Escalante Portillo, a federal inmate proceeding pro se, has filed a civil rights action on the complaint form used in lawsuits brought pursuant to 42 U.S.C. § 1983, apparently seeking injunctive relief aimed at obtaining her United States citizenship.[1] In light of the liberality mandated by plaintiff's pro se status, her complaint naming federal defendants will be construed as seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which extends § 1983 liability to federal officials. Plaintiff states on her Civil Cover Sheet that her cause of action also arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. Plaintiff has applied to proceed in forma pauperis in this matter. After reviewing plaintiff's complaint, the claim against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[2]

---

  [1]This matter was assigned to this Court pursuant to the July 15, 2011 designation to the Western District of North Carolina.

  [2] Section 1915A provides:

1

# I.

As background, the docket of the District Court for the Western District of North Carolina reflects that plaintiff is presently incarcerated pursuant to a judgment of conviction entered in case number 3:11cr71 (MOC/DCK). On August 24, 2011, plaintiff pleaded guilty in that case to a single count of re-entering as a deported alien. It appears that she currently is awaiting sentencing.

In the instant action, plaintiff's allegations are only marginally comprehensible. Plaintiff states that she appointed Anthony Weiner, whom she identifies as a "Senator," as a "fiduciary creditor" on her bank account, and that Weiner's role thereafter was to sponsor a private immigration bill to Congress. According to plaintiff, the United States and its taxpayers have "billing practices under the Fair Debt Collections Act with Fiduciary Accountant Agent / District Attorney Ann Tompkins ... to hold and retain [plaintiff's] benefit to become a citizen." In addition, Judges Max O. Cogburn and David C. Keesler allegedly were "appointed to insure the defendants in this case were to be proper in handling [plaintiff's] rights." According to plaintiff, the judges were to "advise as [her] attorney the steps to become 'redeemable' without being the expense to the taxpayers of the United States." Plaintiff asserts that she did not consent to the Memorandum of Agreement between the United States Immigration and Customs Enforcement and the sheriff's department, she did not

---

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

sign the agreement, and she was not a creditor. She requests that Weiner "make public" that she is not a creditor or a debtor to the Immigration and Nationality Act, and she asks for "relief at the expense of appropriations bill HB2966930 to become publicly insolvent."

The named defendants to this action are the taxpayers of the United States of America; District Judge Max O. Cogburn of the United States District Court for the Western District of North Carolina, who presided over plaintiff's criminal case; Magistrate Judge David C. Keesler, also of the District Court for the Western District of North Carolina, who also was assigned to plaintiff's criminal matter; Anne M. Tompkins, the United States Attorney for the Western District of North Carolina; and former United States Representative Anthony Weiner of New York. As relief, plaintiff prays that the judges will "conduct their fiduciary dutys [sic] and expert testimonys [sic] to illustrate to those facts," and that the "District Attorney/Accountant" will "illustrate good faith by supporting the private bill by the Senate's office and discontinue billing/foreclosing/and or using [plaintiff's] rights against [her] and exchange the United States of America and its taxpayers the proper exemption / appropriations to balance [her] accountability / citizenship." Compl. at 4.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). . Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (examining identical language of predecessor statute to § 1915A). However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), id. at 328, or because it finds the plaintiff's factual allegations to be "unlikely." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Instead, a dismissed suit must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke, 490 U.S. at 327. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," id. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

There are a number of problems with plaintiff's complaint. First, plaintiff has named no defendant in this action who can be liable to her under Bivens. In Bivens, supra, the Supreme Court established a cause of action under the Constitution against federal officials in their individual capacities for the violation of federal constitutional rights. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). A claim under Bivens is "the federal analog to suits brought against state officials" under § 1983. Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006). The immunities available in Bivens claims thus are nearly identical to those in actions arising under § 1983. See Butz v. Economou, 438 U.S. 478, 500 (1978).

It is well settled that judges are absolutely immune for suits for damages arising out of their judicial acts. Pierson v. Ray, 386 U.S. 547 (1967). In those jurisdictions that have ruled on the issue, absolute judicial immunity also extends to cases where equitable relief is sought in a Bivens action. See Newsome v. Merz, No. 00-4307, 2001 WL 1006189, at *1 (6th Cir. Aug. 21, 2001); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (finding that "the stronger argument favors the grant of absolute immunity to the defendant federal judges" in such circumstances); Mullis v. United States Bankruptcy Court for the District of Nevada, 828 F.3d 1385, 1393 (9th Cir. 1987) (noting that the most common rationale for not shielding judges from claims for prospective relief in § 1983 actions - that is, unruly state courts - is not present in Bivens suits), cert. denied, 486 U.S. 1040 (1988); Mehdipour v. Purcell, 173 F.Supp.2d 1165, 1167 (W.D. Okla. 2001) (holding that "federal judges are absolutely immune from equitable relief under Bivens"), aff'd, 62 Fed. App'x 203 (10th Cir. 2003), cert.denied, 540 U.S. 1056 (2003). In accordance with these authorities, the Court finds that absolute immunity is appropriate with respect to plaintiff's claims for injunctive relief against Judges Cogburn and Keesler.

Similarly, in Bivens actions, as at common law, prosecutors enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." Lyles v. Sparks, 79 F.3d 372, 376 (4th Cir. 1996), quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Where a prosecutor performs the role of an investigator or administrator rather than that of an advocate, he or she is entitled to qualified immunity. Id. at 377. Plaintiff does not clearly articulate her reasons for naming United States Attorney Thompson as a defendant in this action, but regardless, Ms. Thompson is entitled at the least to qualified immunity for any role she may have played in plaintiff's prosecution. The "threshold question" in a qualified immunity analysis is whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts show [that] the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id., see also, Figg v. Schroeder, 312 F.3d 625, 635 (4th Cir. 2002). Here, as plaintiff fails to allege that Ms. Thompson took any action that violated plaintiff's constitutional rights, it is apparent that she is also immune from liability for plaintiff's claim.

As to defendants former Representative Weiner and the taxpayers of the United States, as noted above, only federal officials can be held liable under Bivens. FDIC, 510 U.S. at 484-86. Similarly, to state a cause of action under § 1983, a plaintiff must show that he suffered a constitutional deprivation as the result of conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). In either instance, the defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. Id. Here, Representative Weiner and the taxpayers of the

United States are neither federal nor state actors for purposes of liability under Bivens or § 1983, nor has plaintiff alleged facts to show that they personally acted to deprive her of a constitutional right. Therefore, no claim has been stated against those defendants.

To the extent that plaintiff invokes the FTCA as a basis for her action, the Court presently has no subject matter jurisdiction under that provision. Generally, the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir.), cert. denied, 127 S.Ct. 272 (2006). However, before an individual may bring an FTCA claim in federal court, that claim must have been presented to the appropriate agency and finally denied in writing by that agency. 28 U.S.C. § 2675(a).[3] In this case, plaintiff indicates on the face of her complaint that she has not pursued administrative remedies as to her claim. Compl. at III. In addition, while plaintiff returned a Verified Statement regarding exhaustion, she failed to indicate on that form that she actually had

---

[3] 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

exhausted her administrative remedies. Dkt. 3. As it thus is clear that any putative claim under the FTCA has not been exhausted, this Court presently has no subject matter jurisdiction to entertain plaintiff's allegations under that provision.

Under other circumstances, plaintiff in deference to her pro se status would be given an opportunity to amend her complaint, to name a defendant amenable to suit under § 1983 or Bivens, and to exhaust her claim as required by the FTCA. Here, however, such a step would be futile, because plaintiff's allegations in substance fail to state a claim for which relief can be granted. The Court finds that the claim plaintiff asserts lacks the facial plausibility which would allow a reasonable inference that any defendant is liable for the misconduct plaintiff alleges. Cf. Iqbal, 129 S. Ct. at 1949. Indeed, plaintiff's allegations appear to be factually frivolous, Neitzke, 490 U.S. at 328, and at least approach "the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33. Accordingly, the complaint will be dismissed pursuant to § 1915A for failure to state a claim.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[4] this dismissal

---

[4] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

may affect her ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Dkt. 2) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil case.

Entered this __17th__ day of __October__ 2011.

*Claude M. Hilton*
United States District Judge

Alexandria, Virginia